# EXHIBIT A

| | |
|---|---|
| RETURN DATE: DECEMBER 10, 2020 | : SUPERIOR COURT |
| | : |
| JILL MCAVOY | : J.D. OF NEW LONDON |
| | : AT NEW LONDON |
| VS. | : |
| | : |
| BRINKER INTERNATIONAL, INC. | : |
| DBA CHILI'S BAR AND GRILL | : NOVEMBER 25, 2019 |

## COMPLAINT

COUNT ONE: FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF the CONNECTICUT MINIMUM WAGE ACT, CONN. GEN. STATS. 31-58 et seq, 31-60, 31-68, and/or Section 31-62- E1 et seq., OF THE REGULATIONS OF THE CONNECTICUT DEPARTMENT OF LABOR AND FAIR LABOR STANDARDS ACT 29 USC 206, 207 AND 216(b).

1. At all times relevant to this complaint the plaintiff, Jill McAvoy, is a resident in the town of Colchester, State of Connecticut.

2. At all times relevant to this complaint the plaintiff was employed by Brinker International, Inc., at its Glastonbury, Connecticut Chili's Grill & Bar (hereinafter Chili's) restaurant.

3. At all times relevant to this complaint the defendant, Brinker International, Inc. (hereinafter "Brinker") is a corporation organized under the laws of the State of Deleware and having its corporate headquarters in Dallas, Texas. Defendant is an entity that transacts business within the State of Connecticut. Defendant owns a number of restaurant chains including Chili's.

4. Plaintiff was hired by the defendant as waitress/server on April 6, 2008. At that time she was earning approximately $5.59 per hour. Plaintiff earned less than minimum wage because she earned gratuities. Plaintiff's last day of employment was in July of 2019, and she was earning approximately $6.00 per hour as a waitress/server.

1

5. Pursuant to Connecticut General Statutes Section 31-60(b), employers in the hotel and restaurant industry are permitted to take a "tip credit" of the state minimum wage towards payment of the minimum wage to certain "Service Employees".

6. Defendants took said tip credit and failed to pay Plaintiff the full fair minimum wage for all hours worked as a Server, even though it did not meet the necessary criteria to take the tip credit.

7. Although the plaintiff did not earn minimum wage, defendant required her to perform the duties of other positions that normally would be paid at least minimum wage, including, hostess, doing take out orders, expediting and at times washing dishes, and doing set up for special events.

8. Plaintiff was also required to stay at work even though she had to punch out and was not being compensated. Defendant referred to this as the "buddy system". Plaintiff would be required to stay on the job and wait for the manager to close out and finish up reports for the night.

9. The plaintiff was also required to "tip out" on every shift to other employees, including the bartender and the expediters. Plaintiff gave approximately 2 percent of her gross tips to the expediters and one percent to the bartenders if she was working in main dining room or 2 percent if she was in the lounge. The bartenders nor the expediters would have any one on one engagement with plaintiff's customers and were not eligible to share in tips.

10. The defendant also created a position called the "monster". This person would do side work and whatever other tasks were normally done by the server. This position

was paid minimum wage, however, plaintiff was also required to tip them at the end of the shift as well. This position was not eligible to share in tips.

11. Plaintiff was required to do extra events for the defendant, including "daddy daughter night", every Thursday theme nights, while only being paid less than minimum wage. She was required to do all the set up and clean up from the events and was not tipped or given any extra compensation for this work.

12. Defendant's conduct in failing to the pay Plaintiff the full fair minimum wage was arbitrary, unreasonable, or in bad faith, because Defendant knew or should have know that plaintiff was entitled to receive the full fair minimum wage for all hours that Plaintiff worked as a server, but nevertheless failed to compensate plaintiff at the appropriate minimum wage.

13. Defendant failed to obtain and maintain signed tip statements from the plaintiff as required by Sections 31-62-E3(c ) of the regulations of the Connecticut Department of Labor.

14. Defendant exercised control over plaintiff's tips by requiring plaintiff to tip out or pay a portion of plaintiff's tips to other employees so that plaintiff's tips did not constitute gratuities as that term is defined in Section 31-62-E2(e) of the regulations of the Department of Labor.

15. Defendant failed to post Mandatory Wage Order #8 on the premises or to otherwise inform the plaintiff of her rights under these laws.

16. Defendant violated overtime laws by requiring the plaintiff to punch out but remain at work until her manager was ready to leave.

3

17. The defendant's requirement that plaintiff not only do her job as a waitress/server, but also all the other positions, including hostess, expediter, take out person, and dishwasher, was extremely burdensome and caused her to suffer extreme emotional distress.

18. As a direct and proximate cause of the aforesaid unlawful acts, Plaintiff suffered damages, including economic losses, emotional distress, attorney's fees, and expenses.

19. Plaintiff is seeking punitive damages and double damages consistent with what is allowed by both federal and state law.

COUNT TWO:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Paragraphs One through Sixteen are hereby incorporated and made fully paragraphs One through Sixteen of Count Two.

17. Plaintiff was the subject of on going sexual harassment by a male dishwasher who groped her on a regular basis. Although she complained about this to management nothing was ever done to stop the harassment.

18. Plaintiff was harassed by co-workers, including a male server who was intoxicated while working and threw food at her. When plaintiff complained, the manager said to plaintiff "aww he is just flirting with you."

19. The defendant intended to inflict emotional distress upon the Plaintiff or should have known that emotional distress was a likely result of his conduct.

20. The defendant's conduct was extreme and outrageous.

21. The defendant's conduct was the cause of the plaintiff's emotional distress.

22. The emotional distress suffered by the plaintiff was severe.

4

23. As a direct and proximate result of the defendant's actions, the plaintiff suffered damages, including emotional distress and harm to her reputation.

PLAINTIFF, JILL MCAVOY

By: _____
Michelle N. Holmes
One Exchange Place
21 West Main Street, Fourth Floor
Waterbury, CT  06702
(203) 596-1091
(203) 596-1093 facsimile
michelle@mholmeslaw.com

5

| | |
|---|---|
| RETURN DATE:  DECEMBER 10, 2020 | : SUPERIOR COURT |
| | : |
| JILL MCAVOY | : J.D. OF NEW LONDON |
| | : AT NEW LONDON |
| VS. | : |
| | : |
| BRINKER INTERNATIONAL, INC. | : |
| DBA CHILI'S BAR AND GRILL | : NOVEMBER 25, 2019 |

## STATEMENT OF AMOUNT IN DEMAND

As to each Count the amount in demand is greater than $15,000.00 exclusive of interest and costs.

PLAINTIFF JILL MCAVOY

By: _____

Michelle N. Holmes
One Exchange Place
21 West Main Street, Fourth Floor
Waterbury, CT  06702
(203) 596-1091
(203) 596-1093 facsimile
michelle@mholmeslaw.com

| | | |
|---|---|---|
| RETURN DATE:  DECEMBER 17, 2020 | : | SUPERIOR COURT |
| | : | |
| JILL MCAVOY | : | J.D. OF NEW LONDON |
| | : | AT NEW LONDON |
| VS. | : | |
| | : | |
| BRINKER INTERNATIONAL, INC. | : | |
| DBA CHILI'S BAR AND GRILL | : | DECEMBER 10, 2019 |

## COMPLAINT

COUNT ONE:  FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF the CONNECTICUT MINIMUM WAGE ACT, CONN. GEN. STATS. 31-58 et seq, 31-60, 31-68, and/or Section 31-62- E1 et seq., OF THE REGULATIONS OF THE CONNECTICUT DEPARTMENT OF LABOR AND FAIR LABOR STANDARDS ACT 29 USC 206, 207 AND 216(b).

1. At all times relevant to this complaint the plaintiff, Jill McAvoy, is a resident in the town of Colchester, State of Connecticut.

2. At all times relevant to this complaint the plaintiff was employed by Brinker International, Inc., at its Glastonbury, Connecticut Chili's Grill & Bar (hereinafter Chili's) restaurant.

3. At all times relevant to this complaint the defendant, Brinker International, Inc. (hereinafter "Brinker") is a corporation organized under the laws of the State of Deleware and having its corporate headquarters in Dallas, Texas.  Defendant is an entity that transacts business within the State of Connecticut.  Defendant owns a number of restaurant chains including Chili's.

4. Plaintiff was hired by the defendant as waitress/server on April 6, 2008.  At that time she was earning approximately $5.59 per hour.  Plaintiff earned less than minimum wage because she earned gratuities.  Plaintiff's last day of employment was in July of 2019, and she was earning approximately $6.00 per hour as a waitress/server.

1

5. Pursuant to Connecticut General Statutes Section 31-60(b), employers in the hotel and restaurant industry are permitted to take a "tip credit" of the state minimum wage towards payment of the minimum wage to certain "Service Employees".

6. Defendants took said tip credit and failed to pay Plaintiff the full fair minimum wage for all hours worked as a Server, even though it did not meet the necessary criteria to take the tip credit.

7. Although the plaintiff did not earn minimum wage, defendant required her to perform the duties of other positions that normally would be paid at least minimum wage, including, hostess, doing take out orders, expediting and at times washing dishes, and doing set up for special events.

8. Plaintiff was also required to stay at work even though she had to punch out and was not being compensated. Defendant referred to this as the "buddy system". Plaintiff would be required to stay on the job and wait for the manager to close out and finish up reports for the night.

9. The plaintiff was also required to "tip out" on every shift to other employees, including the bartender and the expediters. Plaintiff gave approximately 2 percent of her gross tips to the expediters and one percent to the bartenders if she was working in main dining room or 2 percent if she was in the lounge. The bartenders nor the expediters would have any one on one engagement with plaintiff's customers and were not eligible to share in tips.

10. The defendant also created a position called the "monster". This person would do side work and whatever other tasks were normally done by the server. This position

was paid minimum wage, however, plaintiff was also required to tip them at the end of the shift as well.  This position was not eligible to share in tips.

11. Plaintiff was required to do extra events for the defendant, including "daddy daughter night", every Thursday theme nights, while only being paid less than minimum wage. She was required to do all the set up and clean up from the events and was not tipped or given any extra compensation for this work.

12. Defendant's conduct in failing to the pay Plaintiff the full fair minimum wage was arbitrary, unreasonable, or in bad faith, because Defendant knew or should have know that plaintiff was entitled to receive the full fair minimum wage for all hours that Plaintiff worked as a server, but nevertheless failed to compensate plaintiff at the appropriate minimum wage.

13. Defendant failed to obtain and maintain signed tip statements from the plaintiff as required by Sections 31-62-E3(c ) of the regulations of the Connecticut Department of Labor.

14. Defendant exercised control over plaintiff's tips by requiring plaintiff to tip out or pay a portion of plaintiff's tips to other employees so that plaintiff's tips did not constitute gratuities as that term is defined in Section 31-62-E2(e) of the regulations of the Department of Labor.

15. Defendant failed to post Mandatory Wage Order #8 on the premises or to otherwise inform the plaintiff of her rights under these laws.

16. Defendant violated overtime laws by requiring the plaintiff to punch out but remain at work until her manager was ready to leave.

17. The defendant's requirement that plaintiff not only do her job as a waitress/server, but also all the other positions, including hostess, expediter, take out person, and dishwasher, was extremely burdensome and caused her to suffer extreme emotional distress.

18. As a direct and proximate cause of the aforesaid unlawful acts, Plaintiff suffered damages, including economic losses, emotional distress, attorney's fees, and expenses.

19. Plaintiff is seeking punitive damages and double damages consistent with what is allowed by both federal and state law.

COUNT TWO:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Paragraphs One through Sixteen are hereby incorporated and made fully paragraphs One through Sixteen of Count Two.

17. Plaintiff was the subject of on going sexual harassment by a male dishwasher who groped her on a regular basis.  Although she complained about this to management nothing was ever done to stop the harassment.

18. Plaintiff was harassed by co-workers, including a male server who was intoxicated while working and threw food at her.  When plaintiff complained, the manager said to plaintiff "aww he is just flirting with you."

19. The defendant intended to inflict emotional distress upon the Plaintiff or should have known that emotional distress was a likely result of his conduct.

20. The defendant's conduct was extreme and outrageous.

21. The defendant's conduct was the cause of the plaintiff's emotional distress.

22. The emotional distress suffered by the plaintiff was severe.

4

23. As a direct and proximate result of the defendant's actions, the plaintiff suffered damages, including emotional distress and harm to her reputation.

                PLAINTIFF, JILL MCAVOY

            By:  /s/Michelle N. Holmes
                 Michelle N. Holmes
                 One Exchange Place
                 21 West Main Street, Fourth Floor
                 Waterbury, CT  06702
                 (203) 596-1091
                 (203) 596-1093 facsimile
                 michelle@mholmeslaw.com

| | | |
|---|---|---|
| RETURN DATE:  DECEMBER 17, 2020 | : | SUPERIOR COURT |
| | : | |
| JILL MCAVOY | : | J.D. OF NEW LONDON |
| | : | AT NEW LONDON |
| VS. | : | |
| | : | |
| BRINKER INTERNATIONAL, INC. | : | |
| DBA CHILI'S BAR AND GRILL | : | DECEMBER 10, 2019 |

## **STATEMENT OF AMOUNT IN DEMAND**

As to each Count the amount in demand is greater than $15,000.00 exclusive of interest and costs.

                            PLAINTIFF JILL MCAVOY

                            By:  /s/Michelle N. Holmes
                                Michelle N. Holmes
                                One Exchange Place
                                21 West Main Street, Fourth Floor
                                Waterbury, CT  06702
                                (203) 596-1091
                                (203) 596-1093 facsimile
                                michelle@mholmeslaw.com